**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEFENDERS OF WILDLIFE; NATURAL RESOURCES DEFENSE COUNCIL; SIERRA CLUB; and CENTER FOR BIOLOGICAL DIVERSITY | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-01833-ABJ |
| | ) | |
| KEN SALAZAR, Secretary of the Interior; DAN ASHE, U.S. Fish and Wildlife Service Director; and UNITED STATES FISH AND WILDLIFE SERVICE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

**THE HUMANE SOCIETY OF THE UNITED STATES' AND THE FUND FOR ANIMALS' UNOPPOSED MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF WYOMING**

---

The Humane Society of the United States ("the HSUS") and The Fund for Animals ("the Fund") respectfully move this Court for leave to file the attached *amicus curiae* brief in opposition to the "Motion to Transfer Venue to the District of Wyoming" filed by the above-named Federal Defendants on November 20, 2012.  Fed. Def. Transfer Br., Dkt 3.  In accordance with Local Rule 7(m), undersigned counsel conferred with counsel for all parties concerning this motion on December 20, 2012.  Plaintiffs indicated they consent to Motion for Leave to File an Amicus Brief.  Federal Defendants indicated that they do not oppose this Motion for Leave to File an Amicus Brief.

## STANDARDS FOR GRANTING LEAVE TO FILE AS AMICUS CURIE

This Court has "broad discretion" to permit a party to participate as *amicus curiae*. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F.Supp.2d 89, 93 (D.D.C. 2007). The standard is liberal and requires only a minimal showing. An *amicus* brief "should normally be allowed when. . . the *amicus* has an interest in some other case that may be affected by the decision in the present case. . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Security*, 557 F.Supp.2d 131, 137 (D.D.C 2008) (citations omitted); *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D.Cal 2005) (noting that "[d]istrict courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved…"). A court may also permit a party to file an *amicus* brief "if the information offered is timely and useful." *Ellsworth Assocs., Inc. v. U.S.*, 917 F. Supp. 841, 846 (D.D.C. 1996) (citation and internal quotation marks omitted).

## APPLICANTS MEET THE LIBERAL STANDARDS FOR AMICUS STATUS

Here, the HSUS and the Fund meet the liberal standards for amicus status for multiple reasons. First, they have an interest in a case pending before this Court that may be affected by the outcome of the transfer motion in the present case. *See Jin*, 557 F.Supp.2d at 137. The Plaintiffs in this case have challenged the decision of the U.S. Fish and Wildlife Service ("FWS") to delist the Wyoming portion of the Northern Rocky Mountain gray wolf population under the Endangered Species Act ("ESA") and Administrative Procedure Act ("APA"). *See* Plfs. Comp., Dkt. 1; 77 Fed. Reg. 55,530 (Sept. 10, 2012) (delisting rule). Applicant *amici* – the HSUS and the Fund – also filed a lawsuit in the District of Columbia alleging violations of

federal law stemming from the same decision, which has been deemed a related case and is also before this Court. *See The Humane Society of the United States, et al v. U.S. Fish and Wildlife Serv., et al.*, No. 1:12-cv-01965-ABJ (D.D.C filed Dec. 7, 2012).

The HSUS and the Fund have a significant interest in litigating their case in the District of Columbia, which is not only their chosen forum but is the national headquarters of lead-Plaintiff The HSUS. *See e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1982) ("there is ordinarily a *strong presumption* in favor of the plaintiff's choice of forum. . .") (emphasis added). A transfer of venue to the District of Wyoming in the present case will undoubtedly prejudice the interests of the HSUS and the Fund in litigating their case in their chosen forum because it will make the filing of a transfer motion in their case all the more inevitable, and their opposition to such a motion much more difficult.

Second, the information offered by the HSUS and the Fund's is timely. The Federal Defendants' have not yet submitted a reply to Plaintiffs' Opposition to the Motion to Transfer Venue to the District of Wyoming). Moreover, because The HSUS and the Fund have their own pending case relating to the same unlawful decision, their participation in the present case will be limited to the filing of an *amicus* brief in opposition to Federal Defendant's Motion to Transfer. Third, the information to be offered is unique. The HSUS is the nation's largest non-profit animal protection organization with more than eleven million members and supporters. *See* Declaration of Susan C. Pheiffer ("Pheiffer Decl.") at ¶ 2. The HSUS operates the largest animal protection litigation program in the country, and it has participated as *amicus* in numerous cases raising animal protection issues. The HSUS's mission is to protect animals through legislation, litigation, investigation, education, science, advocacy, and field work. *See id*.

In pursuit of its animal protection mission, the HSUS and the Fund have been at the forefront of the fight to save the gray wolf from the brink of extinction and to ensure that adequate, humane protections exist.  *See, e.g.*, *Mausolf v. Babbit*, 125 F.3d 661 (8th Cir. 1997) (intervened in lawsuit to defend restrictions on snowmobiling in a national park instituted due to the adverse impacts from such activity on endangered gray wolves); *Voyagers Nat. Park Ass'n v. Norton*, 381 F.3d 759 (8th Cir. 2004) (challenged the National Park Service's decision to open national park to snowmobiling based, in part, on the negative effects on the gray wolf); *Humane Society of the United States v. Kempthorne*, 481 F.Supp.2d 53 (D.D.C. 2006) (challenged the FWS's decision to issue permit to the State of Wisconsin to kill endangered gray wolves); *Humane Society of the United States v. Kempthorne*, 579 F.Supp.2d 7 (D.D.C. 2008) (challenged the FWS's decision to delist wolves in the Western Great Lakes region).  *See, e.g.*, *Fund for Animals v. Andrus*, Civ. No. 5-78-66 (D.Minn. 1978) (challenged the FWS's decision to authorize an aggressive trapping program in northern Minnesota); *Sierra Club v. Clark*, 577 F.Supp. 783 (D.Minn 1984) (challenged FWS regulations that would allow taking of wolves for sport and FWS regulation concerning predation control).  In fact, the HSUS was the only plaintiff group to be involved in both the Northern Rocky Mountain and Great Lake delisting challenges in 2007 and one of only two plaintiff groups to be involved in both sets of challenges in 2009.  *See* Pheiffer Decl. at ¶ 9 (discussing the HSUS's involvement in litigation on behalf of wolves).

The HSUS and the Fund have also been involved in a number of other advocacy efforts on behalf of wolves, frequently submit public comments and testimony on issues that affect gray wolves, and send action alerts and make other outreach efforts to their members and supporters informing them of relevant state and federal actions, and urging them to submit comments, or

contact their state and federal representatives, the Secretary of the Interior, or the U.S. President on issues affecting the gray wolf.  Pheiffer Decl. at ¶¶ 3-8.  As such, the HSUS and the Fund are uniquely positioned to speak to the national scope of this litigation – an issue that is central to the Federal Defendants' Motion to Transfer due to their mischaracterization of the case as one of "local controversy."  Fed. Def. Transfer Br. at 2, 13, Dkt 3.  Moreover, because the HSUS and the Fund filed their case after the Plaintiffs in the present case, the HSUS and the Fund should be permitted to file the accompanying brief in opposition to the Federal Defendants' Motion to Transfer in order to assure that they are sufficiently heard on a motion that will directly affect their independent rights to judicial review of the ESA delisting decision at issue here, which is also being challenged in their related litigation.

**CONCLUSION**

For the aforementioned reasons, and as this Court may otherwise deem necessary or proper, the HSUS and the Fund respectfully request that the Court grant leave that they may file the attached *amicus curie* brief in opposition to Federal Defendants' Motion to Transfer Venue to the District of Wyoming.

Respectfully Submitted,

Ralph Henry
D.C. Bar No. 982586
The Humane Society of the United States
2100 L Street, N.W.
Washington, DC 20037
(202) 676-2324
rhenry@humanesociety.org
*Attorney for Amici*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was today served via the Court's CM/ECF

system on all counsel of record.


_____

Ralph Henry