UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:12-CV-01833-ABJ |
| vs. | ) (Consolidated with 1:12-CV-01965-ABJ) |
| | ) |
| S.M.R. JEWELL, *et al.*, | ) |
| | ) |
| Defendants, and | ) |
| | ) |
| SAFARI CLUB INTERNATIONAL, *et al.*, | ) |
| | ) |
| Defendant-Intervenors. | ) |
| | ) |

**FEDERAL DEFENDANTS' RESPONSE TO THE STATE OF WYOMING'S MOTION
TO ALTER OR AMEND JUDGMENT AND MOTION TO STAY**

On September 24, 2014, the State of Wyoming moved this Court to alter or amend its

judgment, pursuant to Fed. R. Civ. P. 59(e), as well as to stay the September 23, 2014 Judgment

pending resolution of the Rule 59(e) motion. *See* ECF Nos. 69, 70. The State of Wyoming

requested expedited consideration of its stay motion prior to October 1, 2014. ECF No. 70 at ¶

6. In a September 26, 2014 minute order, the Court ordered Federal Defendants to respond to the

State's motions by 2:00 P.M. Eastern time, Monday, September 29, 2014. In our response, the

Court requested Federal Defendants to address: (1) "whether a Rule 59(e) motion can properly

be based on 'new evidence' in an Administrative Procedures Act case, which necessarily

involves the review of an agency decision based upon the administrative record that was before

the agency at the time the decision was made"; and (2) "whether the new evidence cited by the

State can be found to be 'not previously available' when the state could have acted at any point

prior to the issuance of the Court's opinion." *See* September 26, 2014 Minute Order.

1

For the reasons detailed in Federal Defendants' Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) also filed today, Federal Defendants believe the Court's order should be amended or altered to remand the 2012 Listing Rule *without vacatur.*  As demonstrated in that motion and explained further below, in the context of determining whether remand without vacatur is an appropriate remedy here, the Court clearly may consider materials that post-date the challenged administrative decision.  Accordingly, Federal Defendants fully support the State's request to the extent it seeks to have the 2012 Listing Rule remain in effect during any remand period.

The State of Wyoming's Rule 59(e) motion is based on "the availability of new evidence," which in some cases can justify and support Rule 59(e) relief.  *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004).  However, because the new evidence provided by the State of Wyoming was not in existence at the time of the Court's September 23, 2014 Memorandum Opinion and Order (ECF Nos. 67, 68), it does not appear to fit within the "availability of new evidence" factor, as that term is utilized in Fed. R. Civ. P. 59(e) and 60(b)(2), which would be needed to support altering the Court's decision on the merits.  *See, e.g., Nat'l Anti-Hunger Coalition v. Exec. Comm. of President's Private Sector Survey on Cost Control*, 711 F.2d 1071, 1075 (D.C. Cir. 1983); *Draim v. Virtual Geosatellite Holdings, Inc.*, 241 F.R.D. 48 (D.D.C. 2007); 11 Wright & Miller, Federal Practice and Procedure, § 2808 (2014) ("Newly discovered evidence must be of facts existing at the time of trial")(citing cases).  While post-judgment information could be considered pursuant to Fed. R. Civ. P. 60(b)(6), it does not appear to fit within the Rule 59(e) factors identified by the D.C. Circuit.  Nor, would consideration of such new information normally be consistent with the Administrative Procedure Act ("APA")

2

principle that a Court's review of the merits of an agency action is generally confined to the administrative record in existence at the time of the agency's decision.

Nonetheless, Wyoming's post-judgment evidence and information appropriately can be considered within the context of a Rule 59(e) motion seeking amendment of the Court's remedy, such as Federal Defendants' Rule 59(e) Motion filed with the Court.  Here, Federal Defendants have moved to alter or amend the Judgment on the basis that the Court erred in automatically vacating the 2012 Rule instead of remanding the rule without vacatur. This motion is therefore appropriately brought to correct a clear error or prevent manifest injustice, factors the D.C. Circuit has recognized are appropriate for raising a Rule 59(e) motion. *Ciralsky*, 355 F.3d at 671. And as detailed in our motion, vacatur is not necessarily automatic, but rather is governed by an equitable inquiry considering two factors: [1] "the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and [2] the disruptive consequences of an interim change that may itself be changed." *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993) (quotation omitted).  This equitable inquiry clearly anticipates consideration of post-decisional record information. *See, e.g., Sec. Indus. & Fin. Markets Ass'n v. U.S. Commodity Futures Trading Comm'n* , Civ. No. 13-1916(PLF), -- F. Supp. 3d --, 2014 WL 4629567, at *41 (D.D.C. Sept. 16, 2014) (taking into account post-decisional actions and declarations of regulated community in determining whether remand without vacatur is appropriate); *Defenders of Wildlife v. Jackson,* 791 F. Supp. 2d 96, 118-19 (D.D.C. 2011) (taking into account post-decisional actions of regulated community in determining whether remand without vacatur is appropriate). Accordingly, because the new information pertains to the appropriate remedy in this case and indicates that the legal deficiency

identified by the Court is redressable through a narrower remand proceeding, it is relevant and should be considered.

The APA record review principles do not counsel otherwise.  After issuing a decision on the merits, review of which is bound by record review principles, courts then exercise their equitable discretion to fashion an appropriate remedy.  Courts, in this Circuit and others, often receive supplemental briefing on remedy, which may include additional information and evidence on the agency's available resources, competing priorities, and other factors relevant to the potential remand.  *See, e.g., In re Polar Bear Endangered Species Act Listing and 4(d) Rule Litig.*, 818 F.Supp.2d 214, 239 (D.D.C. 2011) (court received supplemental briefing on remedy); *Flaherty v. Pritzker*, Civ. No. 11-660 (GK), -- F. Supp. 2d --, 2014 WL 642658 (D.D.C. Feb. 19, 2014) (government filed supplemental brief which discussed new regulatory action taken since issuance of the merits opinion).

Here, the State of Wyoming has taken initial action and intends to take final action to address the legal status of its Management Plan and Addendum ("Plan").  These actions addressing the legal status of the Plan do not alter the substance of what the U.S. Fish and Wildlife Service evaluated in the 2012 Rule.  Rather, this recent regulatory action renders *existing* aspects of the Plan legally enforceable, improves the regulatory framework that was evaluated by the Service (and the subject of public review and comment during the rulemaking process), and is fully consistent with the Service's 2012 Rule.  Therefore, as discussed in the Federal Defendants' Rule 59(e) Motion to Alter or Amend Judgment, the new information presented by the state of Wyoming is relevant both to the issue of whether the legal flaw identified by the Court can be corrected by the agency, making remand without vacatur more appropriate, and to the length of any limited remand.

Finally, for the same reasons that remand of the 2012 Rule without vacatur is appropriate, Federal Defendants support the State's request for a stay pending the Court's ruling on the Rule 59(e) motions.

Respectfully submitted this 29th day of September, 2014,

SAM HIRSCH
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

SETH M. BARSKY, Section Chief
KRISTEN L. GUSTAFSON, Assistant Section Chief

*/s/ Bridget Kennedy McNeil*
BRIDGET K. McNEIL, Trial Attorney

*/s/ Michael R. Eitel*
MICHAEL R. EITEL, Trial Attorney
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1484 (McNeil); (303) 844-1479 (Eitel).
Fax: (303) 844-1350
Email: Bridget.McNeil@usdoj.gov;
Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was today served via the Court's CM/ECF system on the following counsel of record:

Timothy Joseph Preso
Email: tpreso@earthjustice.org
*Attorney for Plaintiffs Defenders of Wildlife; Natural Resources Defense Council; Sierra Club; Center for Biological Diversity*

Ralph E. Henry , Jr.
Email: rhenry@hsus.org
*Attorney for Plaintiff Humane Society of the United States*

Jay A. Jerde
Email: jay.jerde@wyo.gov
*Attorney for Intervenor Defendant State of Wyoming*

Jeremiah I. Williamson
Email: jeremiah.williamson@wyo.gov
*Attorney for Intervenor Defendant State of Wyoming*

Anna Margo Seidman
Email: aseidman@safariclub.org
*Attorney for Intervenor Defendant Safari Club International; National Rifle Association*

Christopher A. Conte
Email: cconte@nrahq.org
*Attorney for Intervenor Defendant National Rifle Association*

John I. Kittel
Email: jkittel@mazur-kittel.com
*Attorney for Intervenor Defendant Rocky Mountain Elk Foundation*

John A. Sheehan
Email: jsheehan@clarkhill.com
*Attorney for Amicus Wyoming Wolf Coalition*

Harriet M Hageman
Email: hhageman@hagemanlaw.com
*Attorney for Amicus Wyoming Wolf Coalition*

*/s/Bridget K. McNeil*
Bridget Kennedy McNeil