**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEFENDERS OF WILDLIFE, *et al.*,  )<br>  )<br>             Plaintiffs,  )<br>  )<br>     v.  )<br>  )<br>S.M.R. JEWELL, *et al.*,  )<br>  )<br>             Defendants.  )<br>_____ )<br>  )<br>THE HUMANE SOCIETY OF  )<br>THE UNITED STATES, *et al.*,  )<br>  )<br>             Plaintiffs,  )<br>  )<br>     v.  )<br>  )<br>U.S. FISH AND WILDLIFE  )<br>SERVICE, *et al.*,  )<br>  )<br>             Defendants.  )   | Civil Action No. 12-1833 (ABJ)<br><br><br><br><br><br><br><br>Civil Action No. 12-1965 (ABJ) |

**RESPONSE TO THE MINUTE ORDER ISSUED ON SEPTEMBER 26, 2014**
by Defendant-Intervenor State of Wyoming

Defendant-Intervenor State of Wyoming hereby responds to the Minute Order issued by this Court on September 26, 2014. In the Minute Order, this Court asked Plaintiffs and the Federal Defendants to address the following two questions: (1) "whether a Rule 59(e) motion can properly be based on 'new evidence' in an Administrative Procedure Act case, which necessarily involves the review of an agency decision based upon the administrative record that was before the agency at the time the decision was made"; and (2) "whether the new evidence cited by the State can be found to be 'not previously available' when the State could have acted at any point

prior to the issuance of this Court's opinion." (Minute Order at 1)  This Court further ordered that the State also may respond to these questions.  (Id.)

**Argument**

**I.   This Court may consider evidence outside the record in addressing a Rule 59(e) motion.**

The State did not find a case from any jurisdiction that directly answers the first question posed by this Court in the Minute Order.  But in a federal administrative record review case, a district court may consider extra-record evidence to determine whether the court has jurisdiction over a claim or issue.  *See Colorado Envtl. Coal. v. Office of Legacy Mgmt.*, 819 F.Supp.2d 1193, 1202-03 (D. Colo. 2011) (collecting cases).

The filing of the emergency rule raises a question of mootness regarding the regulatory mechanisms issue in this case because the emergency rule eliminates the sole legal basis for this Court's ruling on that issue.  In resolving a question of mootness, the reviewing court is determining whether it has subject matter jurisdiction to hear an issue or the matter.  *See Landrith v. Roberts*, 999 F.Supp.2d 8, 20 (D.D.C. 2013).  Given the mootness question resulting from the filing of the emergency rule, this Court may consider extra-record evidence to resolve the State's Rule 59(e) motion without running afoul of the Administrative Procedure Act or the general rules governing judicial review in an administrative record review case.

**II.   The evidence in question was previously unavailable for purposes of Rule 59(e).**

The State did not find a case from any jurisdiction that directly answers the second question posed by this Court in the Minute Order.[1]  The most analogous case the State found is

---

[1] On the more general question of whether a court may consider evidence that came into existence after judgment when addressing a Rule 59(e) motion, at least two federal district courts in the District of Columbia Circuit have held that a court cannot do so.  *See Draim v. Virtual Geosatellite Holdings, Inc.*, 241 F.R.D. 48, 51-52 (D.D.C 2007)(quoting *Petition of Boeing*

2

*Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 451 F.3d 1097 (10th Cir. 2006).  In *Bell*, the plaintiff asserted two procedural due process claims and a First Amendment retaliation claim in a lawsuit against his former employer.  *Bell*, 451 F.3d at 1100.  A jury ruled in favor of the plaintiff on the due process claims.  *Id*.  After the plaintiff moved for an award of attorneys' fees, the trial court vacated the judgment.  *Id*. As a result of the judgment being vacated, the trial court denied the motion for attorneys' fees.  *Id*.

While the case was on appeal, the plaintiff filed a second motion for attorneys' fees with the trial court.  *Bell*, 451 F.3d at 1101.  The trial court granted the second motion.  *Id*.  Ten days later, the plaintiff filed a Rule 59(e) motion asking the trial court to reconsider the fee award because he had reached a settlement with his employer.  *Id*.  In denying the Rule 59(e) motion, the trial court explained that it could not consider the settlement because the settlement came into existence after the parties had filed briefs on the second motion for attorneys' fees.  *Id*.

The plaintiff appealed the denial of the Rule 59(e) motion to the Tenth Circuit Court of Appeals.  *Id*.  Although the Tenth Circuit panel ultimately affirmed the trial court's fee award, the panel held that the trial court had "erred by invoking a procedural constraint to ignore" the evidence of the settlement.  *Bell*, 451 F.3d at 1102.  As the panel in *Bell* explained:

> The lower court held that [evidence of the settlement] could not qualify as newly discovered evidence cognizable under Rule 59(e) because only matters existing at the time of the prior ruling may be considered. This holding is contrary to our case law addressing the Rule 59(e) inquiry.

---

*Airplane Co.*, 23 F.R.D 264, 265 (D.D.C. 1959)).  In support of its holding, the court in *Draim* cited three District of Columbia Circuit Court of Appeals cases — *National Anti-Hunger Coalition v. Executive Committee of the President's Private Sector Survey on Cost Control*, 711 F.2d 1071, 1075 n.3 (D.C. Cir. 1983); *Kramer v. Gates*, 481 F.3d 788, 791-93 (D.C. Cir. 2007); and *Twelve John Does v. District of Columbia*, 841 F.2d 1133 (D.C. Cir. 1988).  These cases are distinguishable, however, because each involved Rule 60 of the Federal Rules of Civil Procedure, not Rule 59(e).  *See Nat'l Anti-Hunger Coal.*, 711 F.2d at 1075 n.5; *Kramer*, 481 F.3d at 790-93; *Twelve John Does*, 841 F.2d at 1140-42.

> Rule 59(e) motions may be based either on (1) evidence **arising after** the initial ruling (in which event the party's diligence in seeking the evidence is obviously not a consideration) or (2) evidence available but not discovered at the time of the initial ruling (in which event the moving party must show it diligently sought the evidence earlier).

*Id*. (citations omitted and emphasis in original).

In *Bell*, the plaintiff could have settled with his employer at any time during the litigation, but did so after attorneys' fees were awarded to him. The panel in *Bell* did not consider this fact to be relevant in holding that, when addressing a Rule 59(e) motion, a trial court may consider evidence coming into existence after the court has decided an issue. Therefore, if this Court follows the rationale in *Bell*, the evidence of the emergency rule can be considered in addressing the State's Rule 59(e) motion.

**III.     A point of clarification regarding the State's Rule 59(e) motion.**

In the pending Rule 59(e) motion, the State noted that "[t]he [Wyoming Game and Fish] Commission expects to have the permanent rule in place by mid-November before the emergency rule expires." (Rule 59(e) Mot. ¶ 6 (citing Choma Aff. ¶ 3))  This statement in the State's Rule 59(e) motion is not as precise as it should have been.

The Commission expects to adopt the permanent rule in question by mid-November 2014. (*See* Rule 59(e) Mot., Choma Aff. ¶ 3)  Under the Wyoming Administrative Procedure Act, the Governor of Wyoming must sign the permanent rule before the rule may be filed with the Wyoming Secretary of State. *See* Wyo. Stat. Ann. § 16-3-103(d).  The Governor may sign the rule after the rule has been reviewed (in an advisory capacity) by the Management Council of the Wyoming Legislature or until forty days after the rule is submitted to the Legislative Service Office, whichever is sooner.  (Id.)

Governor Mead signed the emergency rule and has publicly stated his support for the permanent rule.[2]  Given this fact, and taking into account the additional steps in the rulemaking process, the State still expects to have the permanent rule on file with the Wyoming Secretary of State in November 2014.

**IV.     The State's position on the Rule 59(e) motions filed by other parties.**

Generally speaking, the State does not oppose remand without vacatur as a remedy in this case, provided that the 2012 Wyoming delisting rule remains in place and the State retains (without exception) full management authority over the gray wolf population as provided in the 2012 Wyoming delisting rule.  In its summary judgment response, the State alluded to such a remedy when requesting that this Court allow supplemental briefing on the issue of remedy if this Court held that the Service acted arbitrarily and capriciously in adopting the 2012 Wyoming delisting rule.  (*See* Doc. 58 at 37-38 (citing *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)).

**Conclusion**

Although the multiple Rule 59(e) motions in this case present this Court with legal issues regarding the appropriate remedy, common sense weighs strongly in favor of this Court crafting a remedy that maintains the status quo and allows the State to continue to manage wolves in Wyoming as provided in the 2012 Wyoming delisting rule until this Court decides the pending Rule 59(e) motions.

As this Court has acknowledged, the gray wolf population in Wyoming is recovered. And although this Court concluded that the State's gray wolf management scheme had a

---

[2](http://governor.wy.gov/media/pressReleases/Pages/GovernorMeadSignsandFilesEmergencyRuleforWolves.aspx)

technical legal flaw, the State has remedied that problem.  Moreover, the State has demonstrated over the past two years that it can capably and responsibly manage the gray wolf population subject to the State's management jurisdiction. Notably, no evidence in the administrative record before this Court suggests otherwise.  The State therefore asks this Court to stay the September 23 Order (and Memorandum Opinion) effective immediately and then to alter or amend the September 23 Order (and Memorandum Opinion): (a) to hold that the State's wolf management scheme satisfies the requirements for delisting under the Endangered Species Act; and (b) to affirm the 2012 Wyoming delisting rule.

Submitted this 29th day of September, 2014.

ATTORNEY FOR DEFENDANT- INTERVENOR
STATE OF WYOMING

/s/ Jay Jerde
Jay Jerde
(Wyo. State Bar No. 6-2773)
Special Assistant Attorney General
123 State Capitol
Cheyenne, WY   82002
Tel:  307-777-7841   Fax:  307-777-3542
jay.jerde@wyo.gov


**Certificate of Service**

I hereby certify that a copy of the foregoing was served today via the Court's CM/ECF system on all counsel of record.

/s/ Jay Jerde
Jay Jerde